UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRYSTAL STILTNER,

    Plaintiff,

v.                                   Case No.:  8:24-cv-774-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

# OPINION AND ORDER

Plaintiff Crystal Stiltner seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.   Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.   Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.   Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.     Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on February 3, 2021 and for supplemental security income on June 28, 2021, alleging disability beginning on November 9, 2020. (Tr. 68, 79, 210-226). The applications were denied initially and on reconsideration. (Tr. 68, 79, 102, 103). Plaintiff requested a hearing, and on June 9, 2023, a hearing was held before Administrative Law Judge Gonzalo Vallecillo ("ALJ"). (Tr. 36-57). On August 30, 2023, the ALJ entered a decision finding Plaintiff not under a disability from November 9, 2020, through the date of the decision, (Tr. 17-29).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on February 2, 2024. (Tr. 1-5). Plaintiff began this action by Complaint (Doc. 1) filed on March 28, 2024, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 1).

### D.     Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2026. (Tr. 20). At step one of the sequential evaluation, the ALJ found that Plaintiff had engaged in substantial gainful activity during the first quarter of 2021. (Tr. 20). At step two, the ALJ found that Plaintiff had the following severe impairments: "Osteoarthritis and Allied Disorders;

Visual Disturbances; Low Vision; Diabetes Mellitus; and Obesity." (Tr. 20). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 22).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except she can only lift and/or carry 20 pounds occasionally; lift and/or carry 10 pounds frequently; stand and/or walk 6 hours in an 8-hour workday; sit 6 hours in an 8-hour workday. The claimant may never climb ladders/ropes/scaffolds, occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to hazards. The claimant may only occasionally engage in field of vision with both eyes.

(Tr. 23-24).

At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a customer service representative, expediter, and skip tracer. (Tr. 27). The ALJ found that this work does not require the performance of work-related activities precluded by the RFC. (Tr. 27). Alternatively, the ALJ proceeded to step five, and found that considering Plaintiff's age (42 on the alleged onset date), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform.

(Tr. 28). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

    (1)    Silver Wrapper, DOT[1] 318.687-018, light, SVP 1

    (2)    Shellfish Preparer, DOT 311.674-014, light, SVP 2

(Tr. 29). The ALJ concluded that Plaintiff had not been under a disability from November 9, 2020, through the date of the decision. (Tr. 29).

## II.    Analysis

On appeal, Plaintiff challenges whether the ALJ fully and fairly addressed Plaintiff's complaints of intermittent blurry vision, pain, and throbbing in her eyes. (Doc. 23, p. 3). Plaintiff argues that while the ALJ found Plaintiff had the severe impairments of visual disturbances and low vision, the ALJ only included a limitation in the RFC to occasionally engaging in field of vision with both eyes. (Doc. 23, p. 4; Tr. 23-24). Plaintiff claims that a person with Plaintiff's condition can have fairly normal vision at times, while at other times be unable to see well enough to perform job tasks. (Doc. 23, p. 4). Plaintiff also claims that the decision does not address whether Plaintiff's inability to see intermittently would affect her ability to work and her need to take unscheduled breaks when her symptoms flared. (Doc. 23, p. 4).

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

The Commissioner contends that the ALJ identified substantial evidence in support of the RFC assessment. (Doc. 25, p. 8). The Commissioner argues that it is Plaintiff's burden to prove that she has additional limitations, and even so, an ALJ need not address all potential limitations in the RFC. (Doc. 25, p. 8-9). The Commissioner also argues that the ALJ identified substantial evidence in support of the RFC limitations, including the medical findings of the State agency medical consultants, Sunita Patel, M.D. and Loc Kim Le, M.D. (Doc. 25, p. 9). The Commissioner contends, "[t]he ALJ expressly based the RFC, in part, upon a synthesis of the prior administrative medical findings of Dr. Patel and Dr. Le, and Plaintiff does not dispute the ALJ's reliance upon their findings." (Doc. 25). While the ALJ may have based the RFC assessment on a synthesis of these two opinions, the ALJ did not provide sufficient reasoning to determine whether substantial evidence supports his RFC assessment.

An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations secondary to her established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc.*

*Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, ALJs "are by law investigators of the facts and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*.

At step two of the sequential evaluation, the ALJ found that Plaintiff had, among other things, the severe impairments of visual disturbances and low vision. (Tr. 20). The ALJ also found that these severe impairments "significantly limit the ability to perform basic work activities." (Tr. 20). As it relates to Plaintiff's vision impairments, the ALJ limited Plaintiff to "only occasionally engag[ing] in field of vision with both eyes" in the RFC assessment. (Tr. 24).

In the decision, the ALJ summarized the State agency medical consultants' opinions. (Tr. 26). The ALJ noted that at the initial determination level, Dr. Patel found Plaintiff's visual disturbances a severe impairment. (Tr. 26). The ALJ also noted that Dr. Patel limited Plaintiff to: "light work with no climbing ladders, ropes, or scaffolds, frequent depth perception, accommodation[,] and field of vision bilaterally, and avoidance of concentrated exposure to vibration and hazards. 1A/6-7; 3A." (Tr. 26). The ALJ summarized Dr. Le's opinion on reconsideration and noted that he limited Plaintiff to: "light work with frequent climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling, occasional climbing ladders, ropes, or scaffolds, limited field of vision bilaterally. 5A/8-9." (Tr. 26).

The ALJ found the opinions of Dr. Patel and Dr. Le to be mostly persuasive, finding:

> The prior administrative findings regarding the claimant's functional abilities and limitations are generally well supported and consistent with evidence reviewed at the time of those determinations but not with the full record as they are not familiar with the other evidence in the claim, i.e. records submitted at the hearing level. The claimant's severe impairments and functioning during the relevant period are a combination of these two opinions.

Tr. 27). The ALJ combined these two opinions without explaining why the differences between them did not matter.

On November 10, 2021, Dr. Patel considered the medical and other evidence of record at the initial determination. (Tr. 58-67). Dr. Patel found Plaintiff's visual disturbances were a severe impairment. (Tr. 61). Dr. Patel also found that Plaintiff was limited to frequent visual operations in depth perception, accommodation, and field of vision in both eyes. (Tr. 64). Dr. Patel explained that Plaintiff had optic nerve atrophy in both eyes with significant visual field constriction, and had a history of papilledema, scleritis, and uveitis. (Tr. 64).

On January 29, 2023, Dr. Le considered the medical and other evidence of record at the reconsideration determination. (Tr. 80-90). While Dr. Patel found Plaintiff had the severe impairment of visual disturbances, Dr. Le found Plaintiff's had the severe impairment of low vision. (Tr. 84). As stated above, Dr. Patel found Plaintiff was limited to frequent visual operations in depth perception,

accommodation, and field of vision in both eyes, while Dr. Le found Plaintiff limited to engaging in occasional field of vision in both eyes. (*Compare* Tr. 64, *with* Tr. 87).

Even though they differed in assessing the severity of Plaintiff's ability to engage in field of vision, both Dr. Patel and Dr. Le agreed that Plaintiff would have limitations when engaging in field of vision in both eyes. When combining the two medical consultants' opinions, the ALJ adopted Dr. Le's finding that Plaintiff may only occasionally engage in field of vision with both eyes. (Tr. 24). Even so, the ALJ did not explain why he did not adopt Dr. Patel's additional limitation to perform frequent visual operations in depth perception and accommodation. (Tr. 64-65). While an ALJ may assess an RFC that differs from the medical opinions of record, here the ALJ found Dr. Patel's opinion mostly persuasive but failed to explain why he did not adopt these additional limitations. Such limitations tie into Plaintiff's argument that Plaintiff's impairments reasonably cause intermittent blurry vision, eye pain, and the ability to see at times but not at others. (Doc. 23, p. 4). Without any explanation, the ALJ failed to provide sufficient reasoning for the Court to conduct a meaningful review and determine whether substantial evidence supports the ALJ's RFC assessment. *See Morrison v. Comm'r of Soc. Sec.*, 660 F. App'x 829, 834 (11th Cir. 2016) ("The ALJ must state the grounds for her decision with clarity to enable us to conduct meaningful review."). Thus, remand is warranted.

### III. Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the State Agency consulting medical opinions and the RFC assessment. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 14, 2025.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties